Case No. 16-5248 Saifullah Paracha, detainee, Guantanamo Bay Naval Station appellant Farhat Paracha, next friend, v. Donald J. Trump President of the United States of America, et al. Mr. Hunt, for the appellant Mr. Shi, for the appellant The police report on G.T. Hunt appearing for the petitioner appellant, Saifullah Paracha and I'd like to reserve five minutes for rebuttal, if I may This case is essentially about the separation of powers A judge of this court wrote recently In separations of powers cases, the court does not just defer to the political branches It is not acceptable for courts to outsource preservation of the constitutional structure to the political branches That was a case involving the Affordable Care Act with different issues from this But it goes to the heart of this case The case here is in defense of one of the most important structural features of the Constitution and that is the idea that none of us can be found guilty except through a judicial process That is essentially the holding of the Boumediene case The Boumediene case preserves the bill of attainer as well as habeas corpus because they are both structural features in the body of the Constitution There are limitations on Congress and the fact that the person filing the brief objecting to them may be an enemy combatant and may be outside the geographical United States is not relevant So the district court, as you know, said there was no standing and what's your response to that, your best argument on that at this point? Your Honor, I really don't see that standing has any place at all in this case The doctrine of standing, of course, is important It's particularly important to this court You deal every day with people who call themselves defenders of wildlife or whatever and you have to ask the question Is this plaintiff really a proper one to represent this position? That doesn't apply when the person, the petitioner is being moved against by the government When these statutes were passed that attainted Saifullah Paracha as a terrorist and the other people at Guantanamo likewise they were not asking, they were they're not offering themselves as having standing standing was thrust upon them The important thing, one important thing to remember here is that being an enemy combatant is by no means the same thing as being a terrorist Each of these people has been determined by some administrative procedure to be in that category of enemy combatant whether that's rightly or wrongly the case has not been determined in Paracha's case because his habeas corpus is still pending But that is not the same as being determined to be a dangerous terrorist Justice Scalia, when he was on this court put it well with that quote I put in the brief about Benedict Arnold may have been a traitor but he was not also a shot lifter and he had a right not to be called that The analogy falls apart because of course being a traitor is disgraceful whereas being an enemy combatant is not something subject to punishment Enemy combatants are held only to keep them out of further combat And being a terrorist is, as I say, considerably disgraceful certainly more disgraceful than being a shot lifter The government says, even if you have standing that the statute in question withdraws jurisdiction from this court over this kind of claim What's your response to that? My response to that is the doctrine that this court accepted in Bartlett v. Bowen which I cite in the brief That's a subject that has been subject to much scholarly debate largely, I think, because of Professor Hart's article years ago saying that constitutional rights could be withdrawn from the federal courts at any time because they were also available in the state courts That doctrine was rejected soundly by the Second Circuit in Bartelio, is that the case? And this court, in Bartlett v. Bowen seemed to accept that rejection And we rejected the idea of Klein being applied to the Military Commission Act withdrawal of jurisdiction in the Janko case, didn't we? I beg your pardon, Your Honor? Did Janko, our opinion in Janko reject the application of Klein to the Military Commission Act? You mean the post-Civil War case, Klein? Right That's what Henry Hart's article was about the dialogue about withdrawing jurisdiction Yes, Your Honor, I'm not sure Frankly, I don't know the case you're talking about the Guantanamo case, I take it I don't see where it would be relevant It's relevant because the Military Commission Act did not provide a rule of decision for a cause of action that was pending and that was Klein and we held, I thought, in a case called Janko that therefore Klein didn't apply in the Military Commission Act properly, constitutionally, withdrew jurisdiction except in non-habeas cases or in habeas cases Well, perhaps it doesn't, Your Honor but what we're talking about here is the basic structure of the Constitution In the body of the Constitution and not in amendments we are told that we will not be judged guilty by acts of Congress It's repeated again in Section 10 for the states Nothing is more basic to the architecture of limited government that the Founders left us with Case after case has said that standing is not limited when you're confronted with an issue like that The Chadra case, for instance, cited in the briefs is very much in point Chadra was a deportable alien He had received discretionary exemption from deportation Congress passed a statute specifically naming him as somebody who was not entitled to that discretionary exemption and he was allowed to sue with no question as to whether he had standing or had the scope of his right to raise that issue Mr. Hahn the only thing I've understood you to say in response to Judge Kavanaugh's question about standing is that it has no place here because the taint was thrust upon the The other question raised by standing is redressability What is going to happen if you prevail in this case that will change Mr. Peratta's situation at all? Well that and many other comparable issues are really precluded by this Court's opinion in Fortick We rely very strongly on Fortick Dr. Fortick It was argued against him that he was suffering a blackened reputation because of all the publicity of this case and the underlying denial of right to custody which was moved by the time the case got here and this Court held very soundly that those things do not wash away the redressability So what is the stigma here that would be removed if you prevailed? These statutes What's the stigma? That's what you're talking about isn't it? The reputational Yes What is that stigma? What's happened to your client that is stigmatic that would go away with the statutes? There's a whole package of them They're detailed in the briefs They were mostly clauses in the the authorization and appropriation acts that are passed each year They say that the people at Guantanamo cannot be removed to the United States Granted they have no right to be removed to the United States So that would still be true without the statute? Perhaps their removal that they couldn't be removed to the United States would be true but there wouldn't be that legislative finding that they were dangerous terrorists, too dangerous to be admitted to a prison The statute says they can't be removed to the United States Does it say because they're dangerous terrorists? I don't remember the statute Certainly the legislative history says that That wasn't enacted. What about the statute? It doesn't say that does it? The standards for a bill of attainder laid out in FORTIC are clearly met The actions taken are far in excess of anything that would be necessary for any kind of other collateral purpose The intention I recognize that to speak of the intention of Congress is always an iffy thing, but the eloquent statements that they can rot in hell as far as Congress is concerned and if they can't rot in hell they can rot in Guantanamo These remove any doubt at all that these were punitive statutes based on a finding of guilt and it's the finding of guilt that we want removed Do you have a government's brief, Andy? I'm sorry, your honor? Do you have a government's brief, Andy? Yes Would you get it, please? And turn to page 22 Let me see, perhaps the government has it Page 22 The second full paragraph All right What's your answer to that? My answer is Bartlett v. Boeing If the statute That's a Guantanamo case that I mentioned to you a few minutes ago, Janko It deals specifically with the Military Commission Act It deals with withdrawal of jurisdiction of the district courts in non-habeas cases Yours is a non-habeas case It was started in 2015 years after the Military Commission Act was passed and the decision of this court holds that it constitutionally can be applied to all cases non-habeas cases So how do we have jurisdiction in this case? I will be glad to submit something No, no, you had your opportunity in your reply brief and you didn't do it Thank you, your honor You think that's unconstitutional, right? That's what has been canvassed in all the briefs and the briefing below Janko held that it was constitutional Thank you, your honor We'll give you time for rebuttal May it please the court, my chief, the government I want to begin with one of the two threshold issues on which the district court's judgment should be affirmed and that's the issue of standing It's Mr. Pratchett's burden to show that he has standing to pursue these bills of attainder claims  To be able to do so is to be able to do so Let me begin with the confinement injury that Mr. Pratchett alleges The theory here appears to be that these 32 provisions in some way keep him contained in Guantanamo and otherwise he would be transferred or released elsewhere But as Mr. Pratchett himself agrees the executive branch has sole discretion when it comes to the confinement release and exchange of Guantanamo detainees particularly those detained in Guantanamo that the executive branch would otherwise have That's right, your honor But the discretion must be exercised before the removal of that discretion is relevant How is a detainee going to be able to establish standing? So a detainee could point to, for example evidence that the executive branch has said I want to move this particular detainee out of here But these statutes are preventing me from spending any money on doing so And I think it's especially important to remember that even after these statutes were enacted individuals were transferred or released from Guantanamo Mr. Pratchett was not So I agree, your honor, that in that circumstance it would be a harder case for the government to argue the standing points we've made But here, every time Let's just take this in its starkest terms Let's suppose, hypothetically, that the statute is unlawful It's unconstitutional The transfer statute And that they have a valid claim on the merits of some kind or a different detainee has a valid claim on the merits And you're saying the executive branch unless they publicly say we want to transfer this person that the person can't get into court to challenge the statute as being unconstitutional So I think a public statement would help And I'm afraid, your honor, I can't really come up with any sort of other hypothetical things that such a plaintiff could raise in order to establish standing But my point is that whatever that line may be Mr. Pratchett's arguments here fall far short But I just think the executive branch has exercised its discretion, as you point out to transfer people or would like to transfer people as said in the past And this statute removes some of that discretion And if you're one of the detainees that seems like you're the regulated party for Lujan purposes And it's eliminating the possibility which may or may not be exercised by the executive branch But it eliminates the possibility in a way that may affect the executive branch's exercise of discretion I think what you might be missing is that the executive branch's exercise of discretion could itself be influenced by the presence of the statute which they say is illegal Right, that's right So I think I understand the thrust of your honor's question So certainly it is not essential to the government's argument that this sort of removal not be deemed an injury in fact to Mr. Pratchett Don't think that the court needs to say anything at all about that I take the premise of your question, your honor, to be well, perhaps the removal of this ability to be transferred or released could be an injury, and maybe so But there still isn't anything that this court in ordering the district court to declare these bills of attainment would be able to do about that As Mr. Pratchett himself has conceded in the litigation below such a declaration would have no impact on the conditions or the lawfulness or the place or any other aspect of his detention But isn't it possible that the executive branch with these statutes in place says we're not even going to think about transferring people at least to the extent prohibited by statute because what's the point? I think it's possible, your honor but it's definitely not what is happening So first of all, even with these statutes in place many people have been released from Guantanamo including 10 individuals who were released to Oman in January of this year Moreover, there exists an ongoing review process to determine whether or not an individual should continue to be detained in Guantanamo if that individual poses a continuing national security threat Wait, no one's been transferred or correct me if I'm wrong in violation of this statute, have they? No, your honor Exactly That's because the provisions And that's the point The question is, suppose the executive branch otherwise might want to transfer someone into a place, U.S. or elsewhere that is prohibited by the statute and they say we're not even going to think about that because the statute prohibits it So It seems like a circular argument, in other words in the sense that you're saying well, the executive branch is going to release him anyway No, I don't think so I think the argument has a different spin on it which is Mr. Paracha has not shown any indication that the executive branch would be willing to do so or that the executive branch would be somehow interested in transferring Mr. Paracha in the way that he might be able to have a stronger case if he had that information But that's going to be really hard evidence to obtain Right And, you know, unfortunately as the Supreme Court held in Clapper the fact that evidence may be difficult to obtain does not mean that somehow the constitutional restrictions of Article III Is the decision-making process within the executive branch a two-step process? Because first we decide whether we should transfer this individual and then the next question is where So I'm not sure whether I would characterize it in that way And to be honest, Your Honor I'm not sure I know the exact parameters of the decision-making structures within the executive branch But what we do know is that there have been not one but two administrative review procedures created by the executive branch to assess the suitability of Guantanamo detainees for transfer The first of those was the Guantanamo Review Task Force And the second of those was the Periodic Review Board Both procedures far from recommending Mr. Paracha for transfer or release recommended that he instead be continued to be detained in Guantanamo Bay under the 2001 AUMF So because the executive Your position is that once that decision is made then any statutes from Congress that say you can't transfer somebody to Yemen or what are the other countries? The other countries Iran, Yemen, Syria Libya, Somalia, Syria and Yemen are the four countries specified in the one statute So that has no effect on him because he's not going to get transferred anywhere That's absolutely right, Your Honor And it's for that reason that redressability is a difficult bar for Mr. Paracha to meet here Chief, for your information we have had cases involving individuals who were ruled no longer whatever the phrase is necessary or a threat or something eligible for transfer for whom a place could not be found as of the time the case arose That's correct, Your Honor And indeed I'm informed by my clients that in fact the Periodic Review Board has in a few circumstances recommended in favor of transfer of certain detainees on the theory that in the judgment of the board the detainees no longer posed a continuing national security threat That was the phrase I was looking for Right But those detainees have not yet been released Which suggests that they're identified first at least in those cases Yes The individuals identified first That's correct, Your Honor I just didn't want to accidentally give too broad of a statement But what we do know about the procedures in this case indicates that Mr. Paracha hasn't even met that administrative threshold If you meet that do you have standing to challenge this? I don't think so, Your Honor because for example the Periodic Review Board is only authorized to make a very narrow recommendation whether an individual poses a continuing significant threat to United States security But that does not mean that the Executive Branch will transfer detainees as I was just saying to Judge Ginsburg several detainees for whom that determination has been made have not been transferred yet And that's because the decision to transfer detainees encompasses both security considerations and a host of other considerations such as, for example whether we can identify another country that is willing to take these So that would be step one suitable for transfer and step two we would like to transfer The exercise of executive discretion, Your Honor And until then the detainee can't get into challenge Let's just go along with the arguments here 2241 withdraws jurisdiction And in your view I just want to make sure I have the government's view on this The Congress can withdraw jurisdiction over constitutional claims including those that are not for money damages Yes, Your Honor That's the implication of Janko's holding The text of the statute is quite clear Is that true of all constitutional claims? I'm not sure, Your Honor But certainly of the constitutional claims presented here That claim is indistinguishable from the claim issued to Janko So in Janko we had a former detainee argue that the government violated some very weighty constitutional rights that he asserted that he had And the detainee further argued that Bivens money damages were the only adequate remedy And the court took both of those as givens in that case Nonetheless the court held that there was no jurisdiction under 2241-2 Right And that's a damages case Is your position have anything to do with the fact that it's a detainee? In other words could Congress withdraw jurisdiction over constitutional claims Establishment clause claims Fourth Amendment claims Again, I'm not Eighth Amendment claims Those haven't been briefed, Your Honor I understand that That's a stronger argument for allowing Congress to withdraw jurisdiction That's right Because the state courts are available And if you read the dialogue that's one of the points that Professor Hart made But that's not true of the Guantanamo detainees The state courts are not available That's right So they have a weaker The government has a weaker claim with respect to the Guantanamo detainees than it does to U.S. citizens I'm not sure I agree with that Your Honor Because in Chanko the court was presented with precisely the points Oh, I know The precedent is there Right So it's, I think, clear from Chanko in the plain text of 2241E2 that at least for purposes of this claim the allegation that there may not be any other adequate remedy for the bills of attainder at issue does not mean that the court can discard Chanko or ignore 2241E2 But again, if the court is skeptical of the government's position on 2241E2 what remains clear is that for the independent threshold reason of the fact that Mr. Paracha cannot establish standing the judgment of the district court Do we have discretion despite Steele Co. to decide only that we have precedent that says there's no jurisdiction We don't have to get to the standing issue I think you can do that Your Honor Because the court as Steele Co. says has its pick of threshold jurisdictional issues and standing would be one subject matter jurisdiction would be another And we think both are equally easy equally valid ways to affirm what was the correct judgment of the district court Unless the court has any further questions we ask that the judgment of the district court be approved Thank you If I may respond to Your Honor's question about are there any precedents defying these statutes I would remind the court and the government of the swap for Bo Bergdahl the American serviceman That was done deftly in defiance of these statutes and it caused quite a stir I think there was even muttering about impeachment And that really illustrates what this case is all about It is about the separation of powers Paracha is not asking to be freed That will be another process as the government outlined He is asking that this finding of disgrace be taken away And that the executive Because I'm not finding the reputational part of this all that compelling I understand the point about we would be you would be more likely to get a transfer without this statute in place I can understand that argument But the reputational argument What? Well it's particularly appropriate for him because he is a pro-American Pakistani He's a a TV producer What's the reputational harm from this statute? As the Fortech case makes clear you have to go behind the statute and see what the finding that it implies In Fortech's case it implied that he had been found to be a child abuser In Paracha's case it definitely finds that his entire life 16 years living in America many American relatives Isn't that from the finding of his being an enemy combatant Or the status as an enemy combatant No, that's the essence of this case To be an enemy combatant is not the same as to be a dangerous terrorist And that's what's how he's been labeled unquestionably by these bills of attainment But he's been labeled not suitable for release by a different process not by the statute The statute calls him an enemy combatant It doesn't say terrorist It doesn't say anything of the sort Well, it's internally discretionary within the executive branch within the limits, of course of habeas corpus which will be duly heard I suppose, if he isn't released Okay With that, thank you very much Thank you, the case is submitted
judges: Kavanaugh, Ginsburg, Randolph